UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FOREVERMORE MUSIC, INC.,

        Plaintiff,

v.

43 NORTH BROADWAY, LLC,

        Defendant.

**COMPLAINT**

Civil Action No.:

Plaintiff, Forevermore Music, Inc. ("Forevermore"), by its attorneys, Woods Oviatt Gilman LLP, for its Complaint against the Defendant, 43 North Broadway, LLC ("43 North"), alleges as follows:

## PRELIMINARY STATEMENT

1. For most of the time federal Copyright Law has covered musical compositions, sound recordings of those compositions were overlooked as a form of creative endeavor similarly worthy of protection from infringement. In fact, federal law did not recognize copyrights in sound recording until 1971, when Congress enacted the Sound Recordings Act of 1971 ("the SRA") in order to address the widespread piracy of record and cassette recordings in the United States. The SRA provided exclusive rights to owners of sound recordings and outlawed unauthorized duplication of sound recordings. The SRA took effect on February 15, 1972. However, it was applicable only on a going-forward basis and afforded no federal protection to sound recordings made before February 15, 1972. Owners of such sound recordings were left to seek protection under any applicable statutory and common law of those states which might have jurisdiction over the infringer. This arrangement offered a less than satisfactory patchwork of remedies to owners.

2. On October 11, 2018, the Hatch-Goodlatte Music Modernization Act ("MMA") became law. Title I of the MMA establishes a licensing collective to provide licenses to digital music service providers and then collect and distribute royalties to music composition owners. Importantly, Title II, known as the Classics Protection and Access Act ("the Classics Act"), provides federal copyright protection to owners of pre-1972 sound recordings and creates a royalty structure to compensate them. Under the Classics Act, owners of pre-1972 sound recordings are eligible to recover statutory damages and attorneys' fees, as well as injunctive relief, if certain conditions are met.[1] Title III extends copyright protection to producers, sound engineers and mixers for their contributions.

3. Forevermore owns intellectual property rights to a collection of master recordings consisting, primarily, of early rock and roll and mainstream popular music from the late fifties and early sixties, which were originally distributed on the *Swan* label ("the Masters"). These Masters include music by artists who achieved great success and others whose talents received less public acclaim. Regardless of their record sales when first released, many of these artists, to varying degrees, still have a following and these Masters still have value.

4. As the legitimate and long-time owner of the Masters, Forevermore retains the exclusive rights to re-release, sell, offer to sell, distribute and derive income from, them. No other party is legally entitled to exploit the Masters by reproducing, re-recording, remixing, releasing or otherwise copying them and any attempt by another party to do so is unauthorized under the law. The Classics Act, as well as pre-existing state and common law as set forth below, protects Forevermore. With this action, it seeks relief from 43 North for infringement and various state law violations.

---

[1] See ¶ 13.

## THE PARTIES

5. Plaintiff, Forevermore is, and at all times hereinafter mentioned was, and is, a domestic corporation organized and existing under the laws of the State of New York, with an office for the transaction of business located in Pittsford, New York.

6. Upon information and belief, Defendant, 43 North, is, and at all times hereinafter mentioned was, a limited liability company organized and existing under the laws of New York State, with an office for the transaction of business located in White Plains, New York.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338 and 1367.

8. Venue in this District is proper pursuant to 28 U.S.C. § 1391.

9. Defendant, 43 North, is subject to personal jurisdiction because it is incorporated in New York and has its principal place of business here.

## BACKGROUND

### A. Plaintiff's Provenance.

10. Swan Records was a record company based in Philadelphia, Pennsylvania, which was active in the late fifties and sixties. Some of its most successful recording artists were Freddy Cannon, Link Wray, the Rockin' Rebels, Danny and the Juniors, while others in its catalogue labored in obscurity. Perhaps Swan's highpoint commercially came in 1964 when it acquired the rights to the German version of the Beatles' momentous hit, "She Loves You."

11. Swan filed for bankruptcy protection in the late 1960's. In 1973, an entity called Master Releasing, Inc. ("MRI") acquired the Masters from the Bankruptcy Trustee and MRI's principal, Steve Brodie, took physical possession of the master tapes comprising the Swan sound

recordings catalogue (copies of images of some of the actual master tapes are attached hereto as **Exhibit "1"**).

12. Conquest Enterprise, Inc. ("Conquest"), owned by Brodie, subsequently acquired the assets of Master Releasing, Inc. and, in 1993, Conquest entered into a joint venture agreement with Forevermore, pursuant to which, Forevermore was licensed to publish, broadcast, permit the public performance of, broadcast, manufacture, re-release, sell or offer to sell the Masters sound recordings. Currently, the Masters are in the physical possession of Forevermore in Pittsford, New York.

13. For approximately thirty years, Forevermore, as the authorized rights owner, has manufactured, sold and offered to sell, re-releases of many of the Masters sound recordings to the public and it continues to exercise these rights to this day. It's authority to do so has never been challenged in any civil action or proceeding.

14. Pursuant to the Classics Act, Forevermore filed with the Register of Copyrights its Pre-1972 Schedule of 472 sound recordings for which it was seeking copyright protection (a copy of the cover sheet for the schedule with the Register's acknowledgement is attached hereto as **Exhibit "2"**). As requested, an Excel spreadsheet was filed and the recordings enumerated therein are presumptively protected from infringement under federal law.[2]

**B. Infringement.**

15. Upon information and belief, 43 North is a record or music company which reproduces digital recordings and distributes them to digital music streaming services. While its

---

[2] To access Forevemore's schedule of pre-1972 master recordings, access the dedicated webpage at https://www.copyright.gov/music-modernization/pre1972-soundrecordings/search-soundrecordings.html  Then enter "Forevermore Music, Inc." in the rights owner's box and the full listing comes up and can be downloaded.

website currently lacks content and indicates that a "new site is coming soon," in the past, it has marketed for sale digital versions of the Masters sound recordings and has featured an image of the old Swan label on its website (copies of a screenshot from June of 2022 is attached hereto as **Exhibit "3"**).

16. As can be seen from Exhibit "1," it features images of four Swan recordings by artists Eddie Bo, Cody Brennan and the Temptations, Eddie Carlton and the Echoes (Jimmy McQuade). Each of the songs marketed by 43 North on this webpage are in the Swan catalogue owned by Forevermore and filed with the Register pursuant to the Classics Act. The songs and their Forevermore schedule numbers are listed below:

- Eddie Bo: *Check Mr. Pop-Eye* and *Now Let's Pop-Eye*     Numbers 180, 181
- Cody Brennan: *Ruby Baby* and *Am I the One*     Numbers 166, 167
- Eddie Carlton: *It Will Be Done* and *Misery*     Numbers 376, 377
- Echoes: *Little Green Man* and *Scratch My Back*     Numbers 35, 36

17. Similarly, 43 North has promoted songs from the Swan catalogue on the digital music streaming service, Spotify, and, to that end, has featured an image of the old Swan label and represented that Swan Records is a "division" of 43 North (copies of screenshots from May of 2023 are attached hereto as **Exhibit "4"**).

18. As can be seen from Exhibit "4," it features images of four Swan recordings by artists The Rockin' Rebels and Tony Galla. Each of the songs marketed by 43 North on this webpage are in the Swan catalogue owned by Forevermore and filed with the Register pursuant to the Classics Act. The songs and their Forevermore schedule numbers are listed below:

- The Rockin' Rebels: *Wild Weekend* and *Wild Weekend Cha Cha*
  Numbers 222, 223

- Tony Galla: *In Love* and *Guys Go for Girls*    Numbers 476, 477

19. More recently, 43 North has marketed two tracks by Swan recording artists, The Showmen, titled: "*You're Everything*" and "*Our Love Will Grow*" on Amazon Music at https://www.amazon.com/Our-Love-Will-Grow-Showmen/dp/B08B88BY9S again indicating that Swan Records is a division of 43 North (a copy of this screen shot from January 28, 2025, is attached hereto as **Exhibit "5"**). These songs can be found on the Forevermore schedule at Numbers 378 and 379.

20. Upon information and belief, Swan Records is not a "division" of 43 North, at least not the Swan records which, at one time, owned the Masters. 43 North does not have the rights to sell, offer to sell, duplicate or re-release any of the Masters sound recordings, including any of the recordings identified in paragraphs "15" through "19" above.[3] It marketing is misleading in that it attempts to persuade visitors to its website and the websites of digital music sellers that it, 43 North, owns or has the rights to sell recordings from the Masters, which is does not. Only Forevermore has the right under the Classics Act to do so.

## FIRST COUNT

## DECLARATORY JUDGMENT

21. Forevermore repeats and re-alleges paragraphs "1" through "20" as if more fully set forth herein.

22. As set forth above, Forevermore is the rightful and excusive owner of the Masters, which are sound recordings fixed prior to February 15, 1972 and subject to the provisions of the Classics Act.

---

[3] The enumerated examples are not intended to serve as an exhaustive list of instances of 43 North's infringement. Forevermore intends to seek discovery from 43 North of its sales to determine the full scope of its infringement of Forevermore's copyrights.

23. Forevermore has filed schedules of the Masters with the Register of Copyrights pursuant to 17 U.S.C. § 1401(f)(5).

24. Defendant, 43 North, through its marketing and, upon information and belief, its sales, has acted as if it were the purported owner of the Masters and possesses the right to re-release, sell, offer to sell, distribute and derive income from, them when, in fact, it does has no such rights.

25. Defendant, 43 North, possesses no rights under the copyright laws of the United States or otherwise to the make use of, derive revenue from, or otherwise exploit the Masters.

26. As a result of the foregoing, there exists an actual case and controversy regarding whether Forevermore or 43 North is the rightful and exclusive owner of the Masters and the right to make use of, derive revenue from or otherwise exploit them.

27. As a result of the foregoing, Forevermore has suffered and will continue to suffer an actual injury as a result of the misrepresentations of 43 North and its misappropriation of royalties, licensing fees and other revenue from the Masters.

28. A declaration of ownership of the Masters would determine the respective rights and responsibilities of the parties, to wit, a declaration that Forevermore is the lawful and exclusive owner of the Masters, as more particularly list in its schedule filed with the Register of Copyrights.

## SECOND COUNT

## COPYRIGHT INFRINGEMENT

29. Forevermore repeats and re-alleges paragraphs "1" through "28" as if more fully set forth herein.

30. Forevermore is the rightful and exclusive owner of the Masters.

31. Forevermore has filed its schedules of the recordings included in the Masters with the Register of Copyrights and has included 472 recordings within its schedules, all of which are from the Swan Music catalogue. With the exception of a handful of artists to whom their own master recordings were returned, the entire Swan Music catalogue has been owned by Forevermore or its predecessors since 1973.[4]

32. As indicated above, 43 North has exploited, and continues to exploit, the Masters as if it had ownership rights to them (which it does not). In that regard, without authorization by Forevermore, 43 North has sold, offered to sell, marketed, distributed and/or licensed the Masters, or some of them, to the public. Upon information and belief, 43 North has been paid for its distribution of the Masters, without paying royalties, license fees or any other compensation to Forevermore.

33. These actions by 43 North constitute copyright infringement under 17 U.S.C. § 504(c) and 17 U.S.C. § 1401 (a).

34. As a result of the foregoing, Forevermore has been damaged and is entitled to the greater of its actual damages or statutory damages as determined at trial, together with costs and attorneys' fees as allowed under 17 U.S.C. § 505.

### THIRD COUNT

### FALSE ADVERTISING (Lanham Act)

35. Forevermore repeats and re-alleges paragraphs "1" through "34" as if more fully set forth herein.

36. As set forth above (¶¶ 24, 27), 43 North has misrepresented that it has some connection with the Masters and possesses the right to distribute them to the music-buying public.

---

[4] As note above (¶ 11), Plaintiff has physical custody of the master tapes.

37. Its misrepresentations in this regard constitute a false designation of origin under 15 U.S.C. § 1125(a) and are likely to cause confusion, mistake or deception of customers, causing them to believe that 43 North is the lawful owner of the Masters.

38. Such actions have constituted, and will continue to constitute, unfair competition under 15 U.S.C. § 1125(a).

39. These actions by 43 North reflect adversely upon Forevermore because Forevermore has not ability to control the quality of 43 North's copies, digital or otherwise and its re-releases of the Masters and because 43 North's misrepresentation of its rights undermines Forevermore's reputation in the marketplace as the lawful owner of the Masters.

40. As proximate cause of 43 North's actions, Forevermore has suffered, and will suffer detriment to its business, goodwill, reputation and revenue in an amount as yet to be determined.

41. As a result of the foregoing, Forevermore is entitled to all remedies available under the Lanham Act, 15 U.S.C. § 1125(a), including injunctive relief, compensatory damages, injunctive relief, treble damages and disgorgement of profits.

## FOURTH COUNT

## UNJUST ENRICHMENT

42. Forevermore repeats and re-alleges paragraphs "1" through "41" as if more fully set forth herein.

43. As a result of the foregoing, 43 North has enriched itself by receiving royalties, license fees and other revenue which should have been paid to Forevermore as the rightful and exclusive owner of the Masters.

44. This misappropriation of royalties, license fees and other revenue by 43 North is the logical result and necessary effect of its misrepresentations that it has some connection with the Masters and possesses the right to distribute them to the music-buying public.

45. As a result of these misrepresentations, Forevermore has suffered a loss of revenue in an amount as yet to be determined.

46. It would be against equity and good conscience to allow 43 North to retain these royalties, license fees and other revenue.

47. As a result of the foregoing, Forevermore is entitled to

## FIFTH COUNT

## GENERAL BUSINESS LAW

48. Forevermore repeats and re-alleges paragraphs "1" through "46" as if more fully set forth herein.

49. The conduct of 43 North as set forth above violates general principles of law and equity, constitutes unfair competition and injury to business reputation under General Business Law §§ 360-K, 360-L and 360-N and has caused, and will continue to cause, Forevermore irreparable injury.

50. Plaintiff has no adequate remedy at law.

51. If 43 North is permitted to continue misrepresenting its status, Forevermore's rights under the New York Business Law will continue to be violated.

52. As a result of the foregoing, Forevermore is entitled to a permanent injunction, restraining and enjoining 43 North from continuing to misrepresent its status as an owner of rights to the Masters and, correspondingly, to mispresent Forevermore's status as a non-owner or, at the very least, a non-exclusive owner.

## SIXTH COUNT

## UNFAIR COMPETITION

53. Plaintiff repeats and re-alleges paragraphs "1" through "50" as if more fully set forth herein.

54. The acts and omissions by 43 North constitute common law unfair competition arising under the laws of the State of New York,

55. If 43 North is permitted to continue misrepresenting its status, Forevermore will be irreparably harmed.

56. Forevermore has no adequate remedy at law.

57. As a result of the foregoing, Forevermore is entitled to a permanent injunction, restraining and enjoining 43 North from continuing to misrepresent its status as an owner of rights to the Masters and, correspondingly, to mispresent Forevermore's status as a non-owner or, at the very least, a non-exclusive owner.

**WHEREFORE**, Plaintiff requests judgments as follows:

A. On its First Count, a declaration of ownership of the Masters would determine the respective rights and responsibilities of the parties, to wit, a declaration that Forevermore is the lawful and exclusive owner of the Masters, as more particularly list in its schedule filed with the Register of Copyrights;

B. On its Second Count, an award of to the greater of its actual damages or statutory damages as determined at trial, together with costs and attorneys' fees as allowed under 17 U.S.C. § 505;

C. On its Third Count, all remedies available under the Lanham Act, 15 U.S.C. § 1125(a), including injunctive relief, compensatory damages, injunctive relief, treble damages and disgorgement of profits;

D. On its Fourth Count, the royalties, license fees and other revenue which should have been paid to Forevermore as the rightful and exclusive owner of the Masters;

E. On its Fifth Count, a permanent injunction, restraining and enjoining 43 North from continuing to misrepresent its status as an owner of rights to the Masters and, correspondingly, to mispresent Forevermore's status as a non-owner or, at the very least, a non-exclusive owner;

F. On its Sixth Count, a permanent injunction, restraining and enjoining 43 North from continuing to misrepresent its status as an owner of rights to the Masters and, correspondingly, to mispresent Forevermore's status as a non-owner or, at the very least, a non-exclusive owner;

G. A declaration further declaring the respective rights and responsibilities of the parties;

H. The costs and disbursements of this action;

I. Attorneys' fees as authorized by law; and

J. Such other and further relief as the Court deems just and proper.

DATED: February 4, 2025
Rochester, New York

WOODS OVIATT GILMAN LLP

By: _____
Donald W. O'Brien, Jr., Esq.
*Attorneys for Plaintiffs*
1900 Bausch & Lomb Place
Rochester, New York 14604
585.987.2810
dobrien@woodsoviatt.com